43 A.3d 1163

IN THE MATTER OF KEVIN H. MAIN, AN ATTORNEY
AT LAW (ATTORNEY NO. 041121988).

June 8, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 11–203, 11–207, 11–208, 11–209, 11–210, 11–211, concluding on the records certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent) that **KEVIN H. MAIN,** of

**PRINCETON,** who was admitted to the bar of this State in 1988, and who has been suspended from the practice of law since June 11, 2011, by Orders of the Court filed on May 11, 2011, and September 12, 2011, should be suspended from the practice of law for a period of two years for multiple violations of *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep client reasonably informed), *RPC* 1.16(d) (failure to protect client's interests on termination of representation), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), and *RPC* 8.4(c) (conduct involving dishonesty, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that prior to reinstatement to the practice of law, respondent should be required to provide proof of his fitness to practice and that following reinstatement, he should be supervised by a practicing attorney for a period of two years;

And good cause appearing;

It is ORDERED that **KEVIN H. MAIN** is suspended from the practice of law for a period of two years and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement to practice, respondent shall provide proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement

for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10-2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20-17.